**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN S. SCHEER, | ) Case No. CV 16-3813-R (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| DAVID J. PASTERNAK et al., | ) |
| Defendants. | ) |

The Court has reviewed de novo the Complaint, the pleadings and records on file, and the Report and Recommendation of U.S. Magistrate Judge, which recommends that Defendants' motions to dismiss the Complaint be granted and the action be dismissed with prejudice. See 28 U.S.C. § 636. On January 25, 2017, Plaintiff filed objections to the R. & R.

Plaintiff first contends that the R. & R. is based on grounds not raised by Defendants in their motions to dismiss. (Objs. at 5.) Specifically, she argues that Defendants did not make res judicata or collateral estoppel arguments based on Scheer v. Kelly, 817 F.3d 1183 (9th Cir.) ("Scheer I"), cert. denied, 137 S. Ct. 240 (2016). (Objs. at 5.) The R. & R. does not treat Scheer I as having preclusive effect; it treats it as

1

binding precedent. (See R. & R. at 16-17, 23-27 & n.5.)  The Court also rejects Plaintiff's contention that the Magistrate Judge showed favoritism toward Defendants in her rulings on procedural matters relating to the motions to dismiss. (Objs. at 5-6 & n.3.)  Contrary to Plaintiff's contention (see id.), she never objected to the font size used by Defendants in their pleadings but only to their alleged lack of double spacing (see generally Pl.'s Req. to Strike); the Magistrate Judge properly denied that objection.

 Plaintiff next contends that the R. & R. erroneously found that claims one through three were barred by Rooker-Feldman[1] and preclusion doctrines. (Objs. at 10.)  She argues that this finding rests on a misunderstanding of her Complaint because she challenges the constitutionality of Rule 9.16 of the California Rules of Court only on its face, not as applied to her. (Id. at 6, 10-12.)  Because the Complaint is ambiguous on this point, the Magistrate Judge properly analyzed it as asserting both a facial and an as-applied challenge to Rule 9.16.  The Magistrate Judge concluded that Plaintiff's as-applied claims were barred by the Rooker-Feldman doctrine but that her facial claims (which Plaintiff now contends are her only claims) were not barred by either Rooker-Feldman or claim or issue preclusion. (R. & R. at 17-20, 27.)  Rather, the Magistrate Judge found that those claims failed on the merits. (Id. at 23-27.)  Thus, Plaintiff's objections are not well taken.

 Plaintiff objects to the R. & R.'s reliance on Scheer I.

---

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

2

(Objs. at 7.)  She argues that it does not govern here because it was not a disciplinary case but arose from an administrative suspension of her law license after she failed to pay an arbitration award to a former client.  (Id.)  Plaintiff refers the Court to her companion bankruptcy case, In re Scheer, 819 F.3d 1206 (9th Cir. 2016), but that case's analysis of whether the arbitration award was dischargeable in bankruptcy has no bearing on the precedential effect of Scheer I in this action. In Scheer I, Plaintiff challenged California's attorney-discipline system on essentially the same grounds as in this action.  817 F.3d at 1189.  Under settled principles of law, Scheer I is binding Ninth Circuit authority.  See Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001).

    Plaintiff renews her argument that Scheer I is not on point because the Ninth Circuit did not expressly mention the First Amendment's Petition Clause in its analysis.  (Objs. at 12-16.) As discussed in the R. & R. (R. & R. at 25), the Ninth Circuit necessarily considered the Petition Clause when it addressed Plaintiff's access-to-courts claim because the right of access to courts is an aspect of the right to petition protected by the First Amendment.  See Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972); L.A. Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 706 (9th Cir. 1992).

    Plaintiff next contends that the Magistrate Judge erroneously applied a rational-basis standard to her due process and equal-protection claims.  (Objs. at 9, 16-17.)  She argues that strict scrutiny is required because her claims involve a fundamental right under the Petition Clause.  (Id.)  Scheer I

3

applied a rational-basis standard to the same claims because it rejected the related access-to-courts claim and, therefore, no fundamental right was involved. 817 F.3d at 1189. The same is true here. See also Eu, 979 F.2d at 707 (applying rational-basis test to equal-protection claim challenging judge shortage causing delays in adjudication).

Plaintiff contends that the R. & R. erroneously found that her constitutional challenge to California Civil Code section 2944.7 was barred by claim and issue preclusion. (Objs. at 9-10, 22-23.) She argues that the State Bar Court's decision is ultra vires because administrative agencies have no power to make constitutional determinations and, therefore, the decision is not entitled to preclusive effect. (Id.) But the R. & R. found that the California Supreme Court's decision, not the State Bar Court's decision, was entitled to preclusive effect. (R. & R. at 20-22.) The California Supreme Court did not "abdicat[e] its exclusive judicial function," as Plaintiff claims, merely because it did not explain its reasons for denying review. (See Objs. at 22-23.) It has expressly held that its summary denial of review of a State Bar Court disciplinary decision is a final "judicial" determination for purposes of res judicata. In re Rose, 22 Cal. 4th 430, 448 (2000). Plaintiff may not agree with Rose, as witnessed by her repeated citations to the dissents in that case (see, e.g., Objs. at 3-4, 18), but that does not mean it is not the law.

Having reviewed de novo those portions of the R. & R. to which Plaintiff objected, the Court accepts the findings and recommendations of the Magistrate Judge.

1    IT THEREFORE IS ORDERED that the Complaint is dismissed
2 without leave to amend and Judgment be entered dismissing this
3 action with prejudice.

DATED: April 28, 2017

                                    _____
                                    MANUEL L. REAL
                                    U.S. DISTRICT JUDGE

5